UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| YARCO TRADING COMPANY, INC., *et al.*, | § § § § | |
| Plaintiffs, VS. | § § | CIVIL ACTION NO. 5:18-CV-155 |
| UNITED FIRE & CASUALTY COMPANY, *et al.*, | § § § § | |
| Defendants. | § § | |

# ORDER

Defendant United Fire & Casualty Company removed this case—an insurance dispute regarding storm damage sustained by Plaintiffs' commercial buildings—from state court on the basis of diversity jurisdiction. (Dkt. Nos. 1 at 1; 1-3 at 4). In its notice of removal, United Fire recognized that the parties are not completely diverse: Plaintiffs Yarco Trading Company and T&T Forwarding Services and Defendant Patrick Peden are all Texas citizens. (*Id.* at 2). Although that would normally defeat diversity jurisdiction, Defendants ask the Court to ignore Peden's citizenship and dismiss him under the improper-joinder doctrine, arguing that (1) Plaintiffs have failed to state a claim against Peden under the federal pleading standard, and (2) even if Plaintiffs had adequately pleaded claims against Peden, those claims are precluded by United Fire's post-suit election to accept liability under Texas Insurance Code § 542A.006. (*Id.* at 2–3).

Now before the Court is Plaintiffs' Motion to Remand (Dkt. No. 3). Plaintiffs argue that Peden's citizenship cannot be ignored for diversity purposes because they

have pleaded valid state-law claims against him and United Fire's § 542A.006 election cannot retroactively render him improperly joined. Because the Court agrees, Plaintiffs' Motion to Remand is **GRANTED**, and this case is **REMANDED** to the **49th Judicial District of Webb County**.

I. BACKGROUND

In May 2017, a severe storm damaged Plaintiffs' commercial buildings, which were insured by United Fire. (Dkt. No. 1-3 at 4). To repair their property Plaintiffs filed an insurance claim. (*Id.*). United Fire eventually assigned Patrick Peden, an adjuster, to inspect Plaintiffs' property for any storm damage. (*Id.*). Plaintiffs claim that he conducted a substandard, dilatory investigation of the buildings' roofs, failed to respond to and repeatedly misled Plaintiffs about his investigation, and employed an engineering firm and metallurgist who were biased toward findings favorable to insurance companies; as a result, United Fire refused to pay damages owed under Plaintiffs' insurance policy. (*Id.* at 4–6).

Plaintiffs filed this lawsuit in the 49th Judicial District of Webb County, asserting that United Fire and Peden violated §§ 541.051, 541.060, and 541.061 of the Texas Insurance Code and § 17.50(a) of the Texas Deceptive Trade Practices Act. (*Id.* at 1, 6–9). After receiving service of Plaintiffs' petition, United Fire elected to accept liability for Peden under Texas Insurance Code § 542A.006, (Dkt. No. 1-4 at 9), and then removed the case to this Court, arguing that Peden was improperly joined and his citizenship should not be considered when assessing federal diversity jurisdiction, (Dkt. No. 1).

## II. LEGAL STANDARD

### A. Removal Jurisdiction

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) the federal court has subject matter jurisdiction, and (2) the removal procedure is properly followed. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). That burden requires all disputed factual issues and any uncertainties under controlling state law to be resolved in favor of remand. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citations omitted).

With limited exceptions, "[a] federal district court has removal jurisdiction over an action if the district court could have exercised original jurisdiction over it." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (citing 28 U.S.C. § 1441(a)). Federal courts have original jurisdiction in cases that are between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

Section 1332 "requires 'complete diversity' of citizenship." *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (quoting *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). That is, federal courts "cannot exercise diversity

jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Id.*

## B. Improper Joinder

The improper-joinder doctrine provides a narrow exception to the rule that parties must be completely diverse for federal courts to exercise subject matter jurisdiction under 28 U.S.C. § 1332. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). Under this doctrine, the court may disregard the citizenship of an improperly joined, non-diverse defendant, dismiss that defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendants. *Flagg*, 819 F.3d at 136.

The removing party bears the heavy burden of proving improper joinder, *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011), and can establish it in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). To make the second showing, a defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

There are two methods of determining whether the plaintiff could possibly recover against the non-diverse defendant: (1) conduct a Rule 12(b)(6)-type analysis, looking to the face of the complaint to assess whether it states a claim against the

4

non-diverse defendant; or (2) pierce the pleadings and conduct a summary judgment-type analysis to identify discrete facts that would preclude recovery against the non-diverse defendant. *Id.* at 573–74. The latter method is applicable only when the plaintiff has stated a claim against the non-diverse defendant, but summary-judgment evidence reveals misstated or omitted facts relevant to the propriety of joinder. *Id.*

### C. Pleading Standard

The federal pleading standard is applied during an improper-joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Under the federal standard, the pleadings must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Labels and conclusions, formulaic recitations of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And for fraud claims, a heightened pleading standard requires parties to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).

## III. ANALYSIS

The parties do not dispute that the jurisdictional amount in controversy is met or that Plaintiffs and Peden are Texas citizens. Further, United Fire does not argue that there is actual fraud in the pleadings; rather, it argues that Peden is improperly joined because (1) Plaintiffs' state-court petition fails to adequately state a claim against him, and (2) United Fire's § 542A.006 election precludes recovery

5

against him.

**A. Sufficiency of Pleadings**

Defendants argue that Plaintiffs' state-court petition does not adequately state a claim because it alleges that Peden was acting as an authorized agent for United Fire (rather than in his individual capacity) and fails to differentiate between Peden's and United Fire's actionable conduct; moreover, Defendants argue, the relevant insurance claims were denied before Peden's involvement. (Dkt. No. 4 at 15–17). They also assert that Plaintiffs' allegations fail Federal Rule of Civil Procedure 9(b) scrutiny because they are insufficiently particularized. Having reviewed the relevant pleadings and caselaw, the Court is unpersuaded.

**1. Adjuster Liability under the Texas Insurance Code**

Both the Fifth Circuit and the Texas Supreme Court have affirmed that adjusters engaged in the business of insurance may be held individually liable for violating Chapter 541. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) ("Texas law clearly authorizes [Chapter 541] actions against insurance adjusters in their individual capacities."); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 487 (Tex. 1998) (holding that Chapter 541 "provides a cause of action against insurance company employees whose job

duties call for them to engage in the business of insurance").[1] The Texas Supreme Court has also held that "the business of insurance includes the investigation and adjustment of claims and losses." *Vail v. Tex. Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988) (citations omitted). Thus, "an insurance adjuster is properly joined when the plaintiff sues him under Chapter 541, and alleges a distinct claim from the claim alleged against the insurance company defendant." *Davis v. Travelers Lloyds of Tex. Ins. Co.*, Case No. A-18-CV-1029-LY, 2019 WL 1930135, at *2 (W.D. Tex. Apr. 30, 2019); *see also id.* at *2 n.2 (collecting cases).

Defendants' arguments misunderstand the foregoing rules. Yes claims against an insurance adjuster must be distinct from those against an insurance company, *see Davis*, 2019 WL 1930135, at *2 & n.2, but Plaintiffs' state-court petition explicitly identifies Peden's independently actionable conduct—the inadequacy of his investigation, (Dkt. No. 1-3 at 4–10). And because Plaintiffs predicate their claims against Peden on his allegedly improper investigation—not on United Fire's refusal to pay what Plaintiffs believe they are owed under the insurance policy—it is of no moment that Peden may have been appointed as the adjuster on Plaintiffs' claim only after United Fire's initial denial.

The Court must therefore determine whether Plaintiffs' allegations are

---

[1] *Garrison* and *Gasch* deal with Article 21.21, Chapter 541's predecessor. But because Chapter 541 was a non-substantive recodification of Article 21.21, their broader holdings still stand. *See Certain Underwriters at Lloyd's, London & Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 & No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 570 n.5 (5th Cir. 2006); *Doss v. Warranty Underwriters Ins. Co.*, No. 04-11-00776-CV, 2012 WL 5874316, at *2 n.1 (Tex. App.—San Antonio Nov. 21, 2012).

sufficient to state a claim against Peden under federal pleading standards. Remand is necessary if even one of Plaintiffs' claims might be successful. *See Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) (citations omitted). Because the Court finds that Plaintiffs have stated a possible claim under § 541.060(a)(2)(A),[2] it need not address any other claims.

## 2. Texas Insurance Code § 541.060(a)(2)(A)

Plaintiffs allege that Peden violated Texas Insurance Code § 541.060(a)(2)(A), (Dkt. No. 1-3 at 7), which prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Co. Ann. § 541.060(a)(2)(A). The state-court petition asserts that Peden, acting as United Fire's assigned adjuster, "conducted a substandard inspection by performing a cursory examination of the damage to the Property's roofs" and "was deficient because he used the services of an engineering firm and, later, a metallurgist, who are biased towards finding no covered damage." (Dkt. No. 1-3 at 4). It also alleges

---

[2] A Texas appellate court did hold in conclusory terms that section 541.060(a)(2)(A) only "address[es] the duties owed by an insurer who issued a policy of insurance to an insured." *Tex. City Patrol, LLC v. El Dorado Ins. Agency, Inc.*, No. 01-15-01096-CV, 2016 WL 3748780, at *3 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op., not designated for publication). The appellate court, however, failed to reconcile its holding with the general rule established by the Texas Supreme Court that adjusters who are in the business of insurance can be held individually liable under Chapter 541. *See Garrison*, 966 S.W.2d at 487. Nor does its holding mesh with the statutory language, which focuses on "effectuat[ing]" a fair settlement. Tex. Ins. Code Ann. § 541.060(a)(2). An adjuster's investigation certainly has an effect on the settlement process. *See Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, CIVIL ACTION NO. 3:15-CV-1183-B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015) (arguing that effectuating a settlement necessarily includes an adjuster's investigation). The Court need not definitively reconcile this conflict, though, as the improper-joinder analysis requires the Court to resolve all ambiguities in state law in favor of remand. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (citations omitted).

8

that "Peden unnecessarily delayed the investigation[,] . . . failed to respond to and/or repeatedly misled the Plaintiffs about the status of the investigation[, and] . . . improperly influenced the outcome of the investigation by providing the engineering firm with his biased observations and conclusions." (*Id.* at 4–5).

Federal district courts are split as to whether the general Rule 8(a) or heightened Rule 9(b) pleading standard applies when analyzing § 541.060(a)(2)(A) claims—as well as whether facts similar to those alleged here are sufficient to state a claim under either standard.³ But that split militates against finding Plaintiffs' pleadings insufficient. *See Gasch*, 491 F.3d at 281–82 ("[W]e resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." (citing *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005))). Erring in favor of remand, the Court finds that Plaintiffs' pleadings sufficiently allege a potentially viable claim against Peden under either federal pleading standard.

---

³ *Compare Haltom v. Metro. Lloyds Ins. Co. of Tex.*, Case No. 3:17-cv-2582-S, 2018 WL 3130664, at *3–4 (N.D. Tex. June 4, 2018) (finding that a § 541.060(a)(2)(A) claim was sufficiently stated under the general federal pleading standard on similar allegations), *and AV Tech. Support, Inc. v. Acadia Ins. Co.*, No. 5:17–CV–934–DAE, 2018 WL 2245500, at *3–4 (W.D. Tex. Mar. 20, 2018) ("Given the split in authority on which pleading standard applies, the Court will apply the lesser pleading standard under Rule 8(a)." (citing *Hood ex rel. Miss. v. JO Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013))), *and Vasquez v. State Farm Lloyds*, Civil No. SA–17–CV–01080–DAE, 2018 WL 1899808, at*3–5 (W.D. Tex. Mar. 15, 2018) (concluding that similar allegations gave rise to a viable § 541.060(a)(2)(A) claim even assuming that Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applied), *and Anderson v. Cont'l W. Ins. Co.*, Civil Action No. 5:17-CV-222-M-BQ, 2017 WL 7310390, at *5–6 (N.D. Tex. Dec. 29, 2017) (applying the general federal pleading standard and finding similar allegations sufficient to state a § 541.060(a)(2)(A) claim), *and Mary v. Allstate Tex. Lloyd's*, No. 3:16-cv-3383-L, 2017 WL 7735066, at *9–10 (N.D. Tex. Oct. 5, 2017) (same), *with Morales v. Allstate Fire & Cas. Ins. Co.*, 5-18-CV-00483-FB-RBF, 2018 WL 6599616, at *3–5 (W.D. Tex. Dec. 17, 2018) (assuming arguendo that Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies to § 541.060(a)(2)(A) claims and finding distinguishable pleadings sufficient), *and ALGC, Inc. v. U.S. Liab. Ins. Grp.*, Civil Action No. DR-17-CV-061-AM-VRG, 2018 WL 5733184, at *7–8 (W.D. Tex. Aug. 17, 2018) (finding § 541.060(a)(2)(A) claim insufficiently pleaded under the heightened standard of Federal Rule of Civil Procedure 9(b)).

## B. Section 542A.006 Election

Under Texas Insurance Code § 542A.006,[4] an insurer "may elect to accept whatever liability an agent might have to [a] claimant for the agent's acts or omissions related to [a] claim by providing written notice to the claimant." Tex. Ins. Code Ann. § 542A.006(a) (West). If an insurer elects to accept its agent's liability after an action is initiated, the statute states that "the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(c).

After Plaintiffs brought suit against Defendants, United Fire elected to accept any liability Peden might have regarding Plaintiffs' claims and then removed to this Court. (Dkt. Nos. 1-3; 1-4 at 8; 3 at 26). In light of its § 542A.006 election, United Fire argues that Peden is an improperly joined party whose citizenship may be ignored for diversity purposes. (Dkt. Nos. 1 at 2–3; 4 at 5–14). Because Plaintiffs' motion to remand argues that the Court should analyze this question under the voluntary–involuntary rule rather than the improper-joinder doctrine, the Court now turns to determining which of those analytical frameworks should be applied here.

### 1. Proper Analytical Framework

Both the voluntary–involuntary rule and the improper-joinder doctrine are judicially created exceptions to general rules of jurisdiction under the federal

---

[4] This provision went into effect on September 1, 2017, and applies to an action brought under §§ 541.051, 541.060, and 541.061 of the Texas Insurance Code and § 17.50(a) of the Texas Deceptive Trade Practices Act. *See* Tex. Ins. Code Ann. § 542A.002 ("[T]his chapter applies to an action on a claim against an insurer or agent, including: . . . Subchapter D, Chapter 541[, Texas Insurance Code] . . . [or] Subchapter E, Chapter 17, Business & Commerce Code.")

removal statutes. *See Hoyt v. Lane Constr. Corp.*, No. 18-10289, 2019 WL 2417388, at *4–5 (5th Cir. June 10, 2019) (citations omitted). The voluntary–involuntary rule provides "that a case nonremovable on the initial pleadings [can] become removable only pursuant to a voluntary act of the plaintiff." *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967). The improper-joinder doctrine, on the other hand, is itself an exception to the voluntary–involuntary rule. *Hoyt*, 2019 WL 2417388, at *4 (first citing *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918); then citing *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)). The improper-joinder doctrine allows a court to dismiss a non-diverse defendant from a removed state case and disregard that defendant's citizenship for purposes of diversity jurisdiction when a "defendant has demonstrated that there is no possibility of recovery by the plaintiff against [the non-diverse] defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

Where state-court defendants have made a § 542A.006 election prior to removal, the lion's share of federal courts have applied the improper-joinder doctrine—as opposed to the voluntary–involuntary rule—to assess the election's impact on federal subject matter jurisdiction.[5] And although Plaintiffs point to one

---

[5] *See, e.g., Ewell v. Centauri Specialty Ins. Co.*, Civil Action No. H-19-1415, 2019 WL 2502016, at *1–2 (S.D. Tex. June 17, 2019) ("Because there is no reasonable basis to predict that Plaintiff might be able to recover against Wiley in state court, he was improperly joined as a defendant in this suit."); *Robbins Place W. Campus, LLC v. Mid-Century Ins. Co.*, A-18-CV-875-LY, 2019 WL 2183792, at *1–3 (W.D. Tex. May 21, 2019) (analyzing whether a post-suit § 542A.006 election rendered an adjuster improperly joined); *Vyas v. Atain Specialty Ins. Co.*, Civil Action No. H-19-960, 2019 WL 2119733, at *2–4 (S.D. Tex. May 15, 2019) (applying the improper-joinder doctrine

11

federal case, *Massey v. Allstate Vehicle & Property Insurance Co.*, Civil Action H–18–1144, 2018 WL 3017431 (S.D. Tex. June 18, 2018), where the court applies the voluntary–involuntary rule, the outlier status of that case is readily explained: there the defendant–insurer did not argue that the plaintiff "improperly or fraudulently join[ed] the adjusters," *id.* at *3, eschewing implication of the improper-joinder doctrine.

In this case, however, United Fire argues that its § 542A.006 election precludes Plaintiffs from recovering on their claims against Peden, rendering him an improperly joined party. Consistent with the majority of other courts that have addressed this particular array of issues, the Court will analyze whether remand is appropriate under the improper-joinder doctrine, not the voluntary–involuntary rule.

### 2. Improper Joinder

It is undisputed that United Fire notified Plaintiffs in writing of its election to accept any of Peden's potential liability under Texas Insurance Code § 542A.006.

---

to determine whether remand to state court was appropriate given an insurer's § 542A.006 election); *Greatland Inv., Inc. v. Mt. Hawley Ins. Co.*, Civil Action H-19-1212, 2019 WL 2120854, at *2–4 (S.D. Tex. May 15, 2019) (holding that an adjuster had been improperly joined because the insurer had made a § 542A.006 election to accept liability before the plaintiff filed suit); *River of Life Assembly of God v. Church Mut. Ins. Co.*, 1:19-CV-49-RP, 2019 WL 1767339, at *3 (W.D. Tex. Apr. 22, 2019) ("[B]ecause improper joinder is an exception to the voluntary-involuntary rule, the Court must first consider whether Harris was improperly joined." (internal citation omitted)); *Stephens v. Safeco Ins. Co. of Ind.*, CIVIL ACTION NO. 4:18-cv-00595, 2019 WL 109395, at *4 (E.D. Tex. Jan. 4, 2019) ("Courts have long excluded plaintiffs who improperly join non-diverse defendants from the protections of the voluntary-involuntary rule." (citation omitted)); *Flores v. Allstate Vehicle & Prop. Ins. Co.*, Civil Action No. SA-18-CV-742-XR, 2018 WL 5695553, at *4 (W.D. Tex. Oct. 31, 2018) (concluding that the improper-joinder exception to the voluntary–involuntary rule applied because the state court dismissed the adjuster based on Texas Insurance Code § 542A.006).

12

(Dkt. No. 1 at 2–3; 3 at 15; 4-10). And that election would undoubtedly preclude Plaintiffs' recovery against Peden in state court. *See, e.g., Electro Grafix, Corp. v. Acadia Ins. Co.*, SA-18-CA-589-XR, 2018 WL 3865416, at *4 ("When an insurer elects to accept liability for an agent and notifies the claimant, the court 'shall dismiss' the claimant's action against the agent." (citing Tex. Ins. Code § 542A.006(c))). Defendants argue that this demonstrates Peden was improperly joined in this action.

Plaintiffs raise two issues with the foregoing argument: First, they contend that Texas Insurance Code § 542A.006 reflects a procedural state rule and should not be given substantive effect in federal court. Second, they argue that whether a party was improperly joined may only be assessed by reference to facts that existed prior to or at the time of joinder. The Court will take up these arguments in turn.

### *(a) Applicability of § 542A.006 in Federal Court*

"It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 419–20 (2010) (Stevens, J., concurring) (quoting *Hanna v. Plumer*, 380 U.S. 460, 471 (1965)). And it is true that Texas Insurance Code § 542A.006(c) is couched in procedural terminology—if an insurer makes an election to accept liability for its agent under § 542A.006(a) after a claimant has already filed suit, then § 542A.006(c) says that "the court shall dismiss the action against the agent with prejudice." Tex. Ins. Code Ann. § 542A.006(c). As with a state statute of limitations, however, the ostensibly procedural nature of

13

§ 542A.006(c) does not render it inapplicable in federal court.[6] The question is whether application of § 542A.006 is sufficiently "bound up with state-secured substantive rights and obligations" that its application by a federal court sitting in diversity would advance "the twin aims of *Erie*: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *See All Plaintiffs v. All Defendants*, 645 F.3d 329, 335–36 (5th Cir. 2011) (cleaned up).

In the vein of a statute of limitations, the Texas Legislature crafted §542A.006(c) as a full-stop defense to claims filed against insurance adjusters in state court: if the insurer makes a § 542A.006(a) election, a plaintiff's claims are dismissed with prejudice. At least as regards insurance adjusters whose companies elect to accept liability, there would be a wide disparity in lawsuit outcomes—incentivizing forum-shopping—based on whether an action is adjudicated in state or federal court if § 542A.006(c) were to be regarded as merely procedural and not given effect in federal tribunals. *Cf. Carrizales v. State Farm Lloyds*, 3:18-CV-0086-L, 2018 WL 1697584, at *4 (N.D. Tex. Apr. 6, 2018) ("[A]lthough sections 542A.003 and 542A.005 present procedural requirements, their relationship to Texas's

---

[6] *See Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945) ("[T]he question is not whether a statute of limitations is deemed a matter of 'procedure' in some sense. The question is whether such a statute concerns merely the manner and the means by which a right to recover, as recognized by the State, is enforced, or whether . . . it significantly affect[s] the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court[.]"); *see also Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 419–20 (2010) (Stevens, J., concurring) ("A 'state procedural rule, though undeniably "procedural" in the ordinary sense of the term,' may exist 'to influence substantive outcomes,' and may in some instances become so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy. Such laws, for example, may be seemingly procedural rules that make it significantly more difficult to bring or to prove a claim, thus serving to limit the scope of that claim.").

substantive policy for claims brought under the Texas Insurance Code requires that they be applied in federal court."). The Court therefore concludes that § 542A.006(c) is state substantive law appropriately considered by federal courts sitting in diversity.

### *(b) Timing of § 542A.006 Election*

In a letter addressed to Retired District Judge George P. Kazen—who has never presided over this case—Plaintiffs' counsel asked Judge Kazen to review *River of Life Assembly of God v. Church Mutual Insurance Co.*, 1:19-CV-49-RP, 2019 WL 1468933 (W.D. Tex. Apr. 3, 2019) (Pitman, J.) "[b]ecause the facts and issues in the *River of Life* case are almost identical to those in this case, [and counsel] thought [Judge Kazen] may be interested in reviewing it."[7] (Dkt. No. 8 at 1). After the Court issued a show-cause order (Dkt. No. 9) noting both the irregularity of counsel's letter and the fact that the undersigned's local rules explicitly forbid raising substantive issues via letter correspondence, *see* HON. MARINA GARCIA MARMOLEJO CIV. CT. P. 1(D)(1) ("**Do not** address substantive issues in letter or email form." (emphasis in original)), Plaintiffs' counsel explained that they had meant to address their letter to Magistrate Judge John A. Kazen and requested leave to formally bring the case to the Court's and Defendants' attention. (Dkt. Nos. 10, 11, 11-1). The Court granted leave and afforded Defendants an opportunity to

---

[7] The *River of Life* order referred to in counsel's letter was later amended and superseded, so this Court's discussions of that case and its reasoning are tethered to the amended order. *See River of Life Assembly of God v. Church Mut. Ins. Co.*, 1:19-CV-49-RP, 2019 WL 1767339 (W.D. Tex. Apr. 22, 2019).

15

respond. (Dkt. Nos. 12, 13).

The *River of Life* decision accurately describes a split among district courts over the effect a § 542A.006 election's timing has on the improper-joinder analysis. *See* 2019 WL 1767339, at *2; *see also Vyas v. Atain Specialty Ins. Co.*, Civil Action No. H-19-960, 2019 WL 2119733, at *3 n.1 (S.D. Tex. May 15, 2019) (collecting cases). One line of decisions has concluded that an insurer's § 542A.006 election renders the selected adjusters improperly joined—regardless of whether the election occurred before or after a plaintiff brought suit—because the election precludes recovery against those adjusters. *See* 2019 WL 1767339, at *2 (first citing *Yan Qing Jiang v. Travelers Home & Marine Ins. Co.*, 1:18-CV-758-RP, 2018 WL 6201954, at *2 (W.D. Tex. Nov. 28, 2019); then citing *Flores v. Allstate Vehicle & Prop. Ins. Co.*, Civil Action No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018); and then citing *Electro Grafix, Corp. v. Acadia Ins. Co.*, Civil Action No. SA-18-CA-589-XR, 2018 WL 3865416, at *4 (W.D. Tex. Aug. 14, 2018)). Another line of decisions has concluded that the timing of an insurer's § 542A.006 election is of paramount importance, reasoning that the touchstone of an improper-joinder inquiry is whether parties were "improperly joined" at the time they were joined. *See id.* (citing *Stephens v. Safeco Ins. Co. of Ind.*, CIVIL ACTION NO. 4:18-CV-00595, 2019 WL 109395, at *7 (E.D. Tex. Jan. 4, 2019)); *see also Robbins Place W. Campus, LLC v. Mid-Century Ins. Co.*, A-18-CV-875-LY, 2019 WL 2183792, at *2–3 (W.D. Tex. May 21, 2019) (aligning with that view); *Greatland Inv., Inc. v. Mt. Hawley Ins. Co.*, Civil Action H-19-1212, 2019 WL 2120854, at *2 (S.D. Tex. May 15,

2019) (same).

The *River of Life* decision adopted the latter, more restrictive approach, drawing on a core principle that guided the Fifth Circuit's decision in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). *See* 2019 WL 1767339, at *3. There, a Mississippi resident injured in a train accident brought a state-court action against Illinois Central Railroad and the Mississippi Department of Transportation. *Smallwood*, 385 F.3d at 571–72. Illinois Central removed the case to federal court based on diversity jurisdiction, arguing that the Mississippi Department of Transportation had been improperly joined because the claims against it were preempted and recovery was barred by the Federal Railroad Safety Act. *See id.* at 572. But the circuit rejected that argument as a misapplication of the improper-joinder doctrine:

> [W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit.

*Id.* at 574.

As rightly observed in the *River of Life* decision, "if the impossibility of recovery were all that mattered, 'the *Smallwood* Court would have reached the opposite conclusion.'" 2019 WL 1767339, at *3 (quoting *Stephens*, 2019 WL 109395, at *5). Instead, *Smallwood* makes clear that "the burden on the removing party is to prove that the *joinder* of the in-state parties was improper—that is, to show that sham defendants were added to defeat jurisdiction." 385 F.3d at 575 (emphasis

17

added). Thus, in conducting improper-joinder inquiries, "[t]he focus must remain on whether the nondiverse party was properly joined when joined." *River of Life*, 2019 WL 1767339, at *3 (citing *Stephens*, 2019 WL 109395, at *5); *see also Robbins Place*, 2019 WL 2183792, at *3 ("[I]n deciding whether a party has been fraudulently joined for purposes of diversity, the focus must be on the claims made against that party when the case against that party was filed."). If a plaintiff's claims against a party were valid at the time of joinder, "then it cannot be said that the joinder of that party was fraudulent." *Robbins Place*, 2019 WL 2183792, at *3.

In their surreply, Defendants argue that *River of Life*'s reasoning is inapplicable here because Plaintiffs failed to provide adequate notice of Peden's presence in the suit under Texas Insurance Code § 542A.003, thereby depriving Defendants of an opportunity to make a pre-suit § 542A.006 election. (Dkt. No. 13 at 3–5). One problem with that argument is that there is nothing about a plaintiff's § 542A.003 notice that enables defendants to make a § 542A.006 election of liability—even if it is readily apparent why notice of suit may catalyze such elections. But more importantly, even assuming that Plaintiffs' pre-suit notice was inadequate, the remedy for such inadequacy is abatement of the action until "the 60th day after the date" proper notice is provided." *See Perrett v. Allstate Ins. Co.*, 354 F. Supp. 3d 755, 757 (S.D. Tex. 2018) ("If a plaintiff does not comply with the notice requirement, 'abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal.'" (quoting *In Re Behr*, No. 04-05-00895-CV, 2006 WL 468001, at *2 (Tex. App.—San Antonio Mar. 1, 2006, no

18

pet.))); *see also* Tex. Ins. Code Ann. § 542A.005(e)(1). Abatement would change neither the date the suit was filed nor the time of joinder. As in *Smallwood*, Defendants here may have shown a defect in Plaintiffs' suit, but that does not demonstrate that Peden was improperly joined. If Defendants believe that Plaintiffs' pre-suit notice was deficient, their remedy is abatement of this action—but that remedy must be afforded by a court of competent jurisdiction.

Of paramount importance to this Court's jurisdiction, Plaintiffs brought suit against United Fire and Peden before the insurer elected to accept its agent's liability under § 542A.006. Because Plaintiffs' claims against Peden were not barred by § 542A.006 at the time he was joined to this suit, the Court concludes that United Fire's post-suit election does not retroactively render Peden an improperly joined party.

## IV. Conclusion

Based on the foregoing, Defendants have not met their heavy burden of proving that Peden was improperly joined. The Court concludes that Plaintiffs have provided a reasonable basis for predicting recovery on their § 541.060(a)(2)(A) claim against Peden, and that United Fire's post-suit § 542A.006 election does not retroactively render Peden's joinder improper. Because Plaintiffs and Peden are all Texas citizens, the Court lacks diversity jurisdiction over this case. Accordingly, Plaintiffs' Motion to Remand (Dkt. No. 3) is **GRANTED**. This case is **REMANDED** to the **49TH JUDICIAL DISTRICT COURT OF WEBB COUNTY, TEXAS** where it was filed as **CAUSE NUMBER 2018CVK001560D1**.

It is so **ORDERED**.

**SIGNED** July 11, 2019.

                                                        Marina Garcia Marmolejo
                                                        United States District Judge